UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JOHN RING, an individual,

      Plaintiff,

v.

SCHUMACHER AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, JOHN RING (hereinafter referred to as "Plaintiff" and "RING"), by and through undersigned counsel, hereby sues Defendant, SCHUMACHER AUTOMOTIVE, INC. (hereinafter "SCHUMACHER") and brings this action against Defendant for alleged age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, ("ADEA") as amended, 29 U.S.C. §621 *et seq.* and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq.*, as well as for alleged religious discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*, and the FCRA.

## **JURISDICTION AND VENUE**

1.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1343, and 1367.

2.     SCHUMACHER's facility where RING was employed is located in Palm Beach County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

1

## PARTIES

3.      At all times material to this action, RING has been a citizen of the State of Florida, is *sui juris*., and has resided in Palm Beach County.

4.      SCHUMACHER, a Florida Corporation, has at all times material to this action owned and managed car dealerships, including at multiple locations in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

5.      SCHUMACHER is engaged in an industry affecting commerce and has had Fifty (50) or more employees for each working day in each of Twenty (20) or more weeks in the current or preceding calendar year.

6.      Over the course of approximately ten (10) years between July 2008 and May 2018, RING worked as a General Manager (GM) for SCHUMACHER's car dealerships.

7.      In approximately November 2017, while RING was the GM at SCHUMACHER's Buick GMC Chevrolet Volkswagen North Palm Beach dealership in Lake Park, Florida in Palm Beach County, SCHUMACHER's owner's wife Amanda Schumacher, who was then known as Facilities Manager, told RING that Plaintiff was "too old to run her husband's dealership," at which time RING was Sixty-Eight (68) years old.

8.      In early March 2018, Amanda Schumacher was appointed Vice President of all of SCHUMACHER's car dealerships.  See Exhibit A:  March 9, 2018 Memo from President & CEO, Charles Schumacher.

9.      Throughout RING's employment with SCHUMACHER, Amanda Schumacher, who represents herself to be a very religious person of the Christian faith, would frequently send out inappropriate religious communications attempting to impose her Christian beliefs in

2

SCHUMACHER's workplace, including but not limited to, by way of example, Amanda Schumacher communicating to RING and other employees of Defendant that SCHUMACHER's business was "owned by God" as part of Amanda Schumacher telling RING and other employees that they should be working to serve Jesus Christ and God as employees of SCHUMACHER.

10.     In addition, Amanda Schumacher started prayer meetings at all three (3) of SCHUMACHER's locations—including: (1) Buick GMC Chevrolet Volkswagen North Palm Beach dealership; (2) Infiniti Buick GMC Volkswagen Subaru Volvo dealership on Okeechobee Boulevard in West Palm Beach; and (3) Dodge Chrysler Jeep RAM Lincoln dealership on Federal Highway in Delray Beach—but Mrs. Schumacher became upset in or around approximately late March 2018 and blamed RING for Defendant's employees not attending these prayer meetings at work.

11.     Throughout RING employment with SCHUMACHER, including but not necessarily limited to on virtually a weekly basis between approximately mid-June 2017 and May 2018, Amanda Schumacher also made numerous other inappropriate religious statements and engaged in harassing religious behavior as part of her attempts to impose her Christian religious beliefs upon RING and other employees in the workplace, which conduct was improper and made RING uncomfortable including but not limited to, by way of example, Mrs. Schumacher: (a) stating during a Managers meeting in or around approximately March 2018 that "there was no Jesus" in the Northlake dealership; and (b) making RING hold hands to pray in the workplace on at least three (3) occasions in approximately September 2017, March 2018, and May 2018 at the Lake Park dealership.

12.     Further in March 2018, Amanda Schumacher again told RING: "I think you're getting up there and you should retire.   You are too old to run my husband's dealership anymore."

13.     In April 2018, RING complained directly to SCHUMACHER's President & CEO, Charles "Chuck" Schumacher about his wife, Amanda Schumacher's, discrimination and RING's fear that Plaintiff's employment would be terminated.   Mr. Schumacher replied by assuring RING that Plaintiff did not have to worry about losing his job because Plaintiff "worked for him," not for Mrs. Schumacher.

14.     On May 10, 2018, during a large staff meeting at SCHUMACHER's Buick GMC Chevrolet Volkswagen North Palm Beach dealership in Lake Park, Amanda Schumacher stated that she believed SCHUMACHER "needed more millennials" working at the dealership and she began yelling at RING in front of the dealership's staff while accusing RING of "only wanting profit" at the dealership instead of working to serve God, all while Mrs. Schumacher angrily pounded on the table in close proximity to RING's head.

15.     On the morning of May 14, 2018, RING submitted an internal discrimination complaint through SCHUMACHER's "Compli" system about Amanda Schumacher's discrimination and the hostile environment, all of which existed because of Mr. Schumacher's age and religious discrimination towards RING.

16.     However, instead of taking prompt, remedial action to address RING's internal discrimination complaints, on the afternoon of May 14, 2018, SCHUMACHER terminated RING's employment.

17.     At all times material to this action, RING satisfactorily performed his essential job duties as GM for SCHUMACHER.

18.    SCHUMACHER terminated RING's employment in May 2018 employment because of (a) Plaintiff's age; (b) Plaintiff's opposition to Amanda Schumacher's attempts to impose her Christian religious beliefs on Plaintiff in the workplace; and (c) in retaliation for Plaintiff's internal age and religious discrimination complaints.

19.    SCHUMACHER's termination of RING's employment in May 2018 was for false and pretextual reason(s) and was discriminatory because of RING's age and RING's opposition to Amanda Schumacher's attempts to impose her Christian religious beliefs on Plaintiff in the workplace and was likewise retaliatory against RING because of Plaintiff's internal age and religious discrimination complaints to SCHUMACHER, all in violation of the ADEA, Title VII, and the FCRA.

## ADMINISTRATVIE REMEDIES

20.    On December 20, 2018, RING dual filed a Charge of Discrimination against SCHUMACHER with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq.*, as well as for alleged religious discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*, and the FCRA.  A copy of RING's EEOC Charge, Charge No. 510-2019-01462, is attached hereto as Exhibit B.

21.    On September 24, 2019 the EEOC issued a Notice of Right to Sue to RING, see Exhibit C.

22.    This Complaint is being timely as a matter of law within Ninety (90) days of RING's receipt of the Notice of Right to Sue in connection with Charge No. 510-2019-01462.

23.     As of September 25, 2019, more than One Hundred and Eighty (180) days have passed since the filing of RING's Charge of Discrimination on December 20, 2018 and the FCHR did not issue any determination concerning RING's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," RING has exhausted all administrative remedies under Florida as well as Federal law.

24.     All conditions precedent to the claims pled in this Complaint have either occurred or been waived.

<u>**COUNT I**</u>
**<u>AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN
EMPLOYMENT ACT (ADEA)</u>**

Plaintiff, JOHN RING, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for age discrimination violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621, *et seq.*

25.     At all times material to this action, RING was an employee within the meaning of 29 U.S.C. §630(f), 29 U.S.C. §623 and 29 U.S.C. §631.

26.     When SCHUMACHER terminated RING's employment in May 2018, RING was Sixty-Nine (69) years old and approaching Seventy (70) years of age given that Plaintiff's date of birth is December 12, 1948.

27.     At all times material to this action, RING was an individual protected by the ADEA, 29 U.S.C. §631(a), in that RING was at least Forty (40) years of age.

28.     At all times material to this action, SCHUMACHER has been an employer and/or RING's employer within the meaning of 29 U.S.C. §§623 and 630(b).

29.     SCHUMACHER knowingly and willfully discriminated against RING because of his age, in violation of 29 U.S.C. §623(a)(1).

30.     Moreover, SCHUMACHER treated employees who were less than Forty (40) years old and had less or similar qualifications as RING more favorably than RING by, *inter alia*, not disciplining or terminating employees who were younger than RING at ages less than Forty (40) years old who purportedly violated SCHUMACHER policy and/or committed similar or far worse policy violation(s) in the workplace than that RING was terminated for, in violation of 29 U.S.C. §623(a)(1).

31.     Furthermore, despite the facts that RING satisfactorily performed his essential duties as a GM for SCHUMACHER throughout 2017 and 2018 and that RING was qualified in May 2018, and continues today to be qualified, to work as a GM for SCHUMACHER, Defendant unlawfully terminated RING in May 2018 because of RING's age, in violation of 29 U.S.C. §623(a)(1).

32.     RING's age was a motivating factor in SCHMACHER's decision to terminate RING's employment in May 2018, in violation of 29 U.S.C. §623(a)(1).

33.     SCHUMACHER terminated RING's employment on May 14, 2018 because of RING's age and for false and pretextual reason(s) that were discriminatory because of RING's age, in violation of 29 U.S.C. §623(a)(1).

34.     As a direct and proximate result of SCHUMACHER's unlawful age discrimination against RING in violation of the ADEA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, lost wages, back pay, lost bonuses and/or

commissions, benefits such as health and pension benefits, front pay, and other damages in amounts to be established at trial.

35.     SCHUMACHER's actions in violation of the ADEA were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, RING's federally protected rights under the ADEA, as a result of which RING is entitled, pursuant to 29 U.S.C. §216(b) and the ADEA, to liquidated damages from SCHUMACHER equal to back pay in an amount to be established at trial.

36.     Pursuant to 29 U.S.C. §216(b) and the ADEA, RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER.

WHEREFORE, Plaintiff, JOHN RING demands judgment against SCHUMACHER AUTOMOTIVE, INC. for lost wages, back pay, lost bonuses and/or commissions, benefits such as health and pension benefits, front pay, liquidated damages, equitable relief including but not limited to interest, attorney's fees, costs and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. §623(d)**

Plaintiff, JOHN RING, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Retaliation in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §623(d).

37.     Pursuant to 29 U.S.C. §623(d), "[i]t shall be unlawful for an employer to discriminate against of his employees ………. because such individual … has opposed any practice made unlawful by this section, or because such individual … has made a charge,

testified, assisted, or participated in any manner in any investigation, proceeding, or litigation under this chapter."

38.    When RING objected to and complained about Amanda Schumacher's discriminatory age-bias and ageist statements in 2018 to SCHUMACHER's management, including but not necessarily limited to (a) multiple occasions between approximately March 2018 and May 2018 when RING objected directly to Amanda Schumacher about her discrimination towards Plaintiff; (b) in April 2018 when RING made an internal discrimination complaint directly to SCHUMACHER's President & CEO Chuck Schumacher; and (c) on May 14, 2018 when RING submitted another internal discrimination complaint to SCHUMACHER's "Compli" system, RING engaged in protected activity within the meaning of 29 U.S.C. §623(d).

39.    RING reasonably and in good faith believed that Amanda Schumacher's repeated statements about Plaintiff purportedly being "too old" to continue serving as a GM for SCHUMACHER because of his age were unlawful employment practices when Plaintiff complained to SCHUMACHER's management about this age discrimination in April 2018 and May 2018.

40.    The fact that RING engaged in activity protected by the ADEA was a motivating factor in SCHUMACHER's termination of Plaintiff's employment on May 14, 2018, in violation of 29 U.S.C. §623(d).

41.    SCHUMACHER's termination of RING's employment on the afternoon of May 14, 2018—the same day that RING's final internal discrimination complaint was submitted to Defendant—because of RING's good faith age discrimination complaints-objections to SCHUMACHER's management was unlawful retaliation in violation of 29 U.S.C. §623(d).

42.     As a direct and proximate result of SCHUMACHER's unlawful retaliation against RING in violation of the ADEA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, lost wages, back pay, lost bonuses and/or commissions, benefits such as health and pension benefits, front pay, and other damages in amounts to be established at trial.

43.     SCHUMACHER's retaliatory actions in violation of the ADEA were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, RING's federally protected rights under the ADEA, as a result of which RING is entitled, pursuant to 29 U.S.C. §216(b) and the ADEA, to liquidated damages from SCHUMACHER equal to back pay in an amount to be established at trial.

44.     Pursuant to 29 U.S.C. §216(b) and the ADEA, RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER.

WHEREFORE, Plaintiff, JOHN RING demands judgment against SCHUMACHER AUTOMOTIVE, INC. for lost wages, back pay, lost bonuses and/or commissions, benefits such as health and pension benefits, front pay, liquidated damages, equitable relief including but not limited to interest, attorney's fees, costs and such other and further relief as this Honorable Court deems proper.

## COUNT III
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff, JOHN RING, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

45.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … religion ..."  42 U.S.C. §2000e-2(a)(1).

46.     At all times material to this action, SCHUMACHER had Fifteen (15) or more employees for each working day in each of Twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

47.     Between approximately mid-June 2017 and May 2018, RING was subjected unwelcome religious harassment in violation of 42 U.S.C. §2000e-2(a)(1) by Amanda Schumacher on virtually a weekly basis which was continuing, severe, and pervasive and that constituted a hostile work environment permeated by Mrs. Schumacher's attempts to impose her Christian beliefs on RING in the workplace by, *inter alia*, Mrs. Schumacher:  (a) sending out inappropriate religious communications proselytizing employees to follow her Christian beliefs and follow Jesus and God in the manner that Mrs. Schumacher believed other employees of SCHUMACHER should follow; (b) communicating to RING and other employees of Defendant that SCHUMACHER's business was "owned by God"; (c) telling RING and other employees of Defendant that they should be working to serve Jesus Christ and God as employees of SCHUMACHER; (d) setting up prayer meetings at SCHUMACHER's car dealerships at which Mrs. Schumacher expected RING and other employees of Defendant to attend to pray in the workplace; (e) stating during a Managers meeting in approximately March 2018 that "there was no Jesus" in the Northlake dealership; (f) making RING hold hands to pray in the workplace on at least three (3) occasions in approximately in approximately September 2017, March 2018, and May 2018 at the Lake Park dealership; and (f) yelling at RING in front of the Lake Park

dealership's staff that RING only wanted profits at the dealership instead of Mrs. Schumacher's belief that RING and Defendant's other employees should be working to serve God.

48.     The religious harassment against RING between approximately mid-June 2017 and May 2018 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of RING's employment with SCHUMACHER.

49.     SCHUMACHER's management knew or should have known of the unlawful religious harassment against RING—including but not limited to Defendant's knowledge derived from RING's internal discrimination complaints to management—but SCHUMACHER failed to take immediate and appropriate corrective action to address the unlawful religious harassment against RING.

50.     SCHUMACHER'S religious harassment of RING was so severe and pervasive that it altered, the terms, conditions, and privileges of RING'S employment with Defendant.

51.     On May 14, 2018, SCHUMACHER terminated RING's employment for one or more reasons that were false and known to be false by Defendant at the time of Plaintiff's termination.

52.     A motivating factor behind SCHUMACHER's termination of RING's employment in May 2018 was Amanda Schumacher's religious harassment of RING and Mrs. Schumacher's attempts to impose her Christian religious beliefs on RING in the workplace at Defendant's place of business, in violation of 42 U.S.C. §2000e-2(a)(1).

53.     SCHUMACHER's violations of RING's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for RING's rights as guaranteed under the laws of the United States.  As such, RING is entitled to punitive damages against SCHUMACHER pursuant to 42 U.S.C. §1981a(a)(1).

55.     RING has suffered and continues to suffer lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of SCHUMACHER's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

56.     Pursuant to 42 U.S.C. §2000e-5(k), RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER.

WHEREFORE, Plaintiff, JOHN RING, demands judgment against Defendant, SCHUMACHER INTERNATIONAL, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3(a)

Plaintiff, JOHN RING, reasserts and reaffirms the allegations of Paragraphs 1 through 24 as if fully set forth herein and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

57.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

58.     When RING opposed, objected to, and complained about Amanda Schumacher's religious harassment and discrimination between approximately mid-June 2017 and May 2018,

including but not limited to (a) multiple occasions between approximately March 2018 and May 2018 when RING objected directly to Amanda Schumacher about her discrimination towards Plaintiff; (b) in April 2018 when RING made an internal discrimination complaint directly to SCHUMACHER's President & CEO Chuck Schumacher; and (c) on May 14, 2018 when RING submitted another internal discrimination complaint to SCHUMACHER's "Compli" system, RING engaged in protected activity within the meaning of 42 U.S.C. §2000e-3(a).

59.     RING reasonably and in good faith believed that Amanda Schumacher's religious harassment and attempts to impose her Christian beliefs on RING in the workplace were unlawful employment practices when Plaintiff complained to SCHUMACHER's management about this religious discrimination in April 2018 and May 2018.

60.     The fact that RING engaged in activity protected by the Title VII was a motivating factor in SCHUMACHER's termination of Plaintiff's employment on May 14, 2018, in violation of 42 U.S.C. §2000e-3(a).

61.     SCHUMACHER's termination of RING's employment on the afternoon of May 14, 2018—the same day that RING's final internal discrimination complaint was submitted to Defendant—because of RING's good faith religious discrimination complaints-objections to SCHUMACHER's management was unlawful retaliation in violation of 42 U.S.C. §2000e-3(a).

62.      SCHUMACHER's unlawful retaliation against RING was intentional and done with malice and reckless disregard for RING's rights as guaranteed under Title VII.

63.     As a direct and proximate result of SCHUMACHER's unlawful retaliation against RING, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress,

loss of self-esteem and other injuries as a direct result of SCHUMACHER's violations of 42 U.S.C. §2000e-3(a).

64.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER.

WHEREFORE, Plaintiff, JOHN RING, demands judgment against Defendant, SCHUMACHER AUTOMOTIVE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT V**
**AGE DISCRIMINATION IN VIOLATION OF**
**THE FLORIDA CIVIL RIGHTS ACT**

Plaintiff, JOHN RING, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Age discrimination in violation of Florida Statutes §760.10(1).

65.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age . . ."  F.S. §760.10(1)(a).

66.     At all times material to this action, SCHUMACHER was an employer within the meaning of F.S. §760.02(7).

67.     At all times material to this action, RING was an employee of SCHUMACHER within the meaning of F.S. §760.10(1)(a).

68.     At all times material to this action, RING has been an aggrieved person within the meaning of F.S. §760.02(10).

69.     When SCHUMACHER terminated RING's employment in May 2018, RING was Sixty-Nine (69) years old and approaching Seventy (70) years of age given that Plaintiff's date of birth is December 12, 1948.

70.     SCHUMACHER knowingly and willfully discriminated against RING because of his age, in violation of F.S. §760.10(1).

71.     Moreover, SCHUMACHER treated employees who were less than Forty (40) years old and had less or similar qualifications as RING more favorably than RING by, *inter alia*, not disciplining or terminating employees who were younger than RING at ages less than Forty (40) years old who purportedly violated SCHUMACHER policy and/or committed similar or far worse policy violation(s) in the workplace than that RING was terminated for, in violation of F.S. §760.10(1).

72.     Furthermore, despite the facts that RING satisfactorily performed his essential duties as a GM for SCHUMACHER throughout 2017 and 2018 and that RING was qualified in May 2018, and continues today to be qualified, to work as a GM for SCHUMACHER, Defendant unlawfully terminated RING in May 2018 because of RING's age, in violation of F.S. §760.10(1).

73.     When SCHUMACHER terminated RING's employment in May 2018, a motivating factor behind Plaintiff's termination was RING's age, in violation of F.S. §760.10(1)(a) & (b).

74.     SCHUMACHER terminated RING's employment on May 14, 2018 because of RING's age and for false and pretextual reason(s) that were discriminatory because of RING's age, in violation of F.S. §760.10(1).

75.     SCHUMACHER's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for RING's rights as guaranteed under the laws of the State of Florida, such that RING is entitled to punitive damages against SCHUMACHER pursuant to F.S. §760.11(5).

76.     RING has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of SCHUMACHER's violations of F.S. §760.10(1).

77.     Pursuant to F.S. §760.11(5), RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, JOHN RING, demands judgment against Defendant, SCHUMACHER AUTOMOTIVE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as the Honorable Arbitrator deems proper.

### COUNT VI
### RELIGIOUS DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, JOHN RING, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Religious discrimination in violation of Florida Statutes §760.10(1).

78.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . ."  F.S. §760.10(1)(a).

79.     At all times material to this action, SCHUMACHER was an employer within the meaning of F.S. §760.02(7).

80.     At all times material to this action, RING was an employee of SCHUMACHER within the meaning of F.S. §760.10(1)(a).

81.     At all times material to this action, RING has been an aggrieved person within the meaning of F.S. §760.02(10).

82.     Between approximately mid-June 2017 and May 2018, RING was subjected unwelcome religious harassment in violation of F.S. §760.10(1) by Amanda Schumacher on virtually a weekly basis which was continuing, severe, and pervasive and that constituted a hostile work environment permeated by Mrs. Schumacher's attempts to impose her Christian beliefs on RING in the workplace by, *inter alia*, Mrs. Schumacher:  (a) sending out inappropriate religious communications proselytizing employees to follow her Christian beliefs and follow Jesus and God in the manner that Mrs. Schumacher believed other employees of SCHUMACHER should follow; (b) communicating to RING and other employees of Defendant that SCHUMACHER's business was "owned by God"; (c) telling RING and other employees of Defendant that they should be working to serve Jesus Christ and God as employees of SCHUMACHER; (d) setting up prayer meetings at SCHUMACHER's car dealerships at which Mrs. Schumacher expected RING and other employees of Defendant to attend to pray in the workplace; (e) stating during a Managers meeting in approximately March 2018 that "there was

no Jesus" in the Northlake dealership; (f) making RING hold hands to pray in the workplace on at least three (3) occasions in approximately September 2017, March 2018, and May 2018 at the Lake Park dealership; and (f) yelling at RING in front of the Lake Park dealership's staff that RING only wanted profits at the dealership instead of Mrs. Schumacher's belief that RING and Defendant's other employees should be working to serve God.

83.     The religious harassment against RING between approximately mid-June 2017 and May 2018 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of RING's employment with SCHUMACHER.

84.     SCHUMACHER's management knew or should have known of the unlawful religious harassment against RING—including but not limited to Defendant's knowledge derived from RING's internal discrimination complaints to management—but SCHUMACHER failed to take immediate and appropriate corrective action to address the unlawful religious harassment against RING.

85.      SCHUMACHER'S religious harassment of RING was so severe and pervasive that it altered, the terms, conditions, and privileges of RING'S employment with Defendant.

86.     On May 14, 2018, SCHUMACHER terminated RING's employment for one or more reasons that were false and known to be false by Defendant at the time of Plaintiff's termination.

87.     A motivating factor behind SCHUMACHER's termination of RING's employment in May 2018 was Amanda Schumacher's religious harassment of RING and Mrs. Schumacher's attempts to impose her Christian religious beliefs on RING in the workplace at Defendant's place of business, in violation of §760.10(1).

88.    SCHUMACHER's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for RING's rights as guaranteed under the laws of the State of Florida, such that RING is entitled to punitive damages against SCHUMACHER pursuant to F.S. §760.11(5).

89.    RING has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of SCHUMACHER's violations of F.S. §760.10(1).

90.    Pursuant to F.S. §760.11(5), RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, JOHN RING, demands judgment against Defendant, SCHUMACHER AUTOMOTIVE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as the Honorable Arbitrator deems proper.

## COUNT VII
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, JOHN RING, reasserts and reaffirms the allegations set forth in paragraphs 1 through 24 above and further states that this is an action against SCHUMACHER AUTOMOTIVE, INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

91.    Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

92.     At all times material to this action, SCHUMACHER was an employer within the meaning of F.S. §760.02(7).

93.     At all times material to this action, RING was an employee of SCHUMACHER within the meaning of F.S. §760.10(1)(a).

94.     At all times material to this action, RING has been an aggrieved person within the meaning of F.S. §760.02(10).

95.     When RING opposed, objected to, and complained about Amanda Schumacher's discriminatory age-bias and ageist statements and religious harassment and discrimination between approximately mid-June 2017 and May 2018, including but not limited to (a) multiple occasions between approximately March 2018 and May 2018 when RING objected directly to Amanda Schumacher about her discrimination towards Plaintiff; (b) in April 2018 when RING made an internal discrimination complaint directly to SCHUMACHER's President & CEO Chuck Schumacher; and (c) on May 14, 2018 when RING submitted another internal discrimination complaint to SCHUMACHER's "Compli" system, RING engaged in protected activity within the meaning of 29 U.S.C. §623(d), RING engaged in protected activity within the meaning of F.S. §760.10(7).

96.     RING reasonably and in good faith believed that Amanda Schumacher's (a) repeated statements about Plaintiff purportedly being "too old" to continue serving as a GM for SCHUMACHER because of his age; and (b) religious harassment and attempts to impose her Christian beliefs on RING in the workplace were unlawful employment practices when Plaintiff

complained to SCHUMACHER's management about this age and religious discrimination between approximately mid-June 2017 and May 2018.

97.    The fact that RING engaged in activity protected by the FCRA was a motivating factor in SCHUMACHER's termination of Plaintiff's employment on May 14, 2018, in violation of the FCRA, F.S. §760.10(7).

98.    SCHUMACHER's termination of RING's employment on the afternoon of May 14, 2018—the same day that RING's final internal discrimination complaint was submitted to Defendant—because of RING's good faith age and religious discrimination complaints-objections to SCHUMACHER's management was unlawful retaliation in violation of F.S. §760.10(7).

99.    The reason relied upon by SCHUMACHER for terminating RING's employment was false and known to be false by Defendant at the time of Plaintiff's termination and instead was a pretext for unlawful retaliation against RING in violation of F.S. §760.10(7).

100.    SCHUMACHER's violations of §760.10 were intentional and were done with malice and reckless disregard for RING's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that RING is entitled to punitive damages against RING pursuant to F.S. §760.11(5).

101.    RING has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of SCHUMACHER's violations of F.S. §760.10(7).

102.    Pursuant to F.S. §760.11(5), RING is entitled to recover his reasonable attorneys' fees and costs from SCHUMACHER as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, JOHN RING, demands judgment against Defendant, SCHUMACHER AUTOMOTIVE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as the Honorable Arbitrator deems proper.

## JURY TRIAL DEMAND

Plaintiff, JOHN RING, demands trial by jury on all issues so triable.


Dated:  September 25, 2019                Respectfully submitted,

                                   By:    **KEITH M. STERN**
                                          Keith M. Stern, Esquire
                                          Florida Bar No. 321000
                                          E-mail:  employlaw@keithstern.com
                                          LAW OFFICE OF KEITH M. STERN, P.A.
                                          80 S.W. 8th Street, Suite 2000
                                          Miami, Florida 33130
                                          Telephone:  (305) 901-1379
                                          Attorneys for Plaintiff

# EXHIBIT A

**Schumacher Automotive**

# Memo

**To:**      All Schumacher Automotive Employees

**From:**   Charles Schumacher

**cc:**

**Date:**   March 9, 2018

**Re:**      **Appointment of Vice President of Schumacher Automotive**

I am proud to announce that effective immediately I have appointed Amanda Schumacher Vice President of all Schumacher Automotive dealerships.

Please join me in welcoming her in this new position.

Charles A. Schumacher

President, CEO

# EXHIBIT B

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | S.S. No. | 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 |

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| **John Ring** | (561) 379-3811 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7109 Eagle Terrace | West Palm Beach, Florida 33412 | 12/12/1948 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Schumacher Automotive, Inc.** | 100+ | (561) 622-8220 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3720 Northlake Boulevard | Lake Park, Florida 33403 | Palm Beach |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST *(ADEA/EPA)*    LATEST *(ALL)* |

| ☐ RACE | ☐ COLOR | ☐ SEX | ☒ RELIGION | ☒ AGE | 11/2017 | 5/14/18 |
|---|---|---|---|---|---|---|
| ☒ RETALIATION | ☐ NATIONAL ORIGIN | ☐ DISABILITY | ☐ OTHER *(Specify)* | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In July 2008, I began working as the General Manager (GM) for Respondent's car dealerships. In approximately November 2017, while I was the GM at Respondent's Buick GMC North Palm Beach dealership in Lake Park, Respondent's owner's wife Amanda Schumacher, who was then known as Facilities Manager, told me I was "too old to run her husband's dealership," at which time I was 68 years of age.

In early March 2018, Amanda Schumacher was appointed Vice President of all of Respondent's car dealerships. Throughout my employment, Mrs. Schumacher, who is a very religious person, would frequently send out inappropriate religious communications about her belief that Respondent's business was "owned by God" as part of Mrs. Schumacher telling me and other employees that we should be working to serve Jesus Christ and God as employees of Respondent. Mrs. Schumacher also started prayer meetings at all three (3) of Respondent's locations, but Mrs. Schumacher became upset and blamed me for employees not attending these prayer meetings. Mrs. Schumacher also made numerous other inappropriate religious statements and engaged in religious behavior which was improper and made me uncomfortable including, just as examples, her: (a) stating during a Managers meeting that "there was no Jesus" in the Northlake dealership; and (b) making me hold hands to pray on at least three (3) occasions while at work. Further in March 2018, Mrs. Schumacher again told me: "I think you're getting up there and you should retire. You are too old to run my husband's dealership anymore." In April 2018, I complained directly to Chuck Schumacher about Mrs. Schumacher's discrimination and Mr. Schumacher assured me that I did not have to worry about losing my job because I "worked for him," not for Mrs. Schumacher.

During a large staff meeting on May 10, 2018, Mrs. Schumacher stated that she believed Respondent "needed more millennials" working at the dealership and she began yelling at me in front of the staff while accusing me of "only wanting profit" at the dealership instead of working to serve God, all while she angrily pounded on the table in close proximity to my head.

On the morning of May 14, 2018, I submitted an internal discrimination complaint through Respondent's "Compli" system about Mrs. Schumacher's discrimination and the hostile environment which existed because of her age and religious discrimination. However, instead of taking action to address my discrimination complaints, in the afternoon of May 14, 2018, Respondent terminated my employment.

I believe Respondent subjected me to discrimination and harassment because of my age and religion in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), and the Florida Civil Rights Act (FCRA), and I also believe Respondent retaliated against me because of my opposition to and complaints about Mrs. Schumacher's discrimination, in violation of the ADEA, Title VII, and FCRA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) **RECEIVED** **DEC 20 2018** EEOC-MIAMI DISTRICT OFFICE |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the foregoing is true and correct. 12-19-18 *Date*    *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

# EXHIBIT C

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **John Ring**<br>**7109 Eagle Terrace**<br>**West Palm Beach, FL 33412** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

| | |
|---|---|
| ☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | 7019 0700 0002 3082 3684 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Latasha Nelson, | |
| **510-2019-01462** | Investigator | **(305) 808-1751** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to **your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

SEP 2 4 2019

Enclosures(s)

**Michael J. Farrell,**
**District Director**

*(Date Mailed)*

cc:   <u>Respondent's Representative</u>

**Jocelyn Ramos, Esq.**
**GORDON REES SCULLY MANSUKHANI**
**Miami Tower**
**100 SE Second Street, Suite 3900**
**Miami, FL 33131**

<u>Charging Party's Representative</u>

**Keith M. Stern, Esq.**
**LAW OFFICE OF KEITH M. STERN, P.A.**
**80 S.W. 8th Street, Suite 2000**
**Miami, FL 33130**

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*